(December 10, 1924.)

## HUGH E. McELROY, Appellant, v. BOISE VALLEY TRACTION COMPANY and PUBLIC UTILITIES COMMISSION OF THE STATE OF IDAHO, Respondents.

### [230 Pac. 1012.]

APPEAL FROM PUBLIC UTILITIES COMMISSION—TRANSCRIPT OF RECORD—
CERTIFICATE TO TRANSCRIPT — TRANSCRIPT STRICKEN AND APPEAL
DISMISSED FOR NONCOMPLIANCE WITH STATUTORY REQUIREMENTS.

1. Under the provisions of C. S., sec. 2497, as amended by sec. 6, chap. 72, Sess. Laws 1921, p. 142, a record on appeal from an order of the Public Utilities Commission must contain a transcript of the testimony, or so much thereof as the appellant and commission may stipulate.

2. C. S., sec. 2497, as amended by sec. 6, chap. 72, Sess. Laws 1921, p. 142, prescribes that the record on appeal from an order of the Public Utilities Commission shall be certified by the commission. The secretary of the commission is not a member thereof, and his act in certifying to the record is not the act of the commission.

3. A certificate to record on appeal from the Public Utilities Commission to the effect that it is a full, true and correct transcript under the provisions of C. S., sec. 7166, of certain papers and records, naming them, as being those papers and records enumerated in the praecipe filed, fails to show that the record certified to embraces the papers and records required by the statute to be contained in the transcript of record on appeal from said commission.

4. Where a transcript of record on appeal from an order of the Public Utilities Commission does not comply with specific requirements of the statute as to its contents, and the certificate to such transcript is defective in form and not made by the commission, upon motion the transcript will be stricken and the appeal dismissed.

APPEAL from order of the Public Utilities Commission. Motions to strike the transcript and dismiss the appeal granted, and *appeal dismissed*.

Hugh E. McElroy, *in pro. per.*, for Appellant, cites no authorities.

Hawley & Hawley and A. J. Priest, for Boise Valley Traction Co.

Where a record on appeal from the Public Utilities Commission omits a transcript of evidence required by law to be therein, or is not certified by the commission but by the secretary thereof, or the certificate does not cover all parts of such record required by law, the supreme court cannot consider the order of the commission appealed from, and the appeal must be dismissed. (Sec. 9, as amended, and sec. 13, art. 5, Idaho Const.; sec. 6, chap. 72, 1921 Sess. Laws; Rule 33, Idaho Supreme Court; C. S., secs. 2397, 2401, 2405, 6881, 6882, 6886; *Robinson v. School District,* 36 Ida. 133, 209 Pac. 726; *McCarty v. Warnkin,* 35 Ida. 614, 207 Pac. 1075; *Biwer v. Van Dorn,* 32 Ida. 213, 179 Pac. 953; *Spencer v. John,* 33 Ida. 717, 197 Pac. 827; *Thomas v. Union Savings etc. Co.,* 38 Ida. 247, 221 Pac. 132; *Wells v. Culp,* 30 Ida. 438, 166 Pac. 218; *Minneapolis Threshing Mach. Co. v. Peterson,* 31 Ida. 745, 176 Pac. 99; *Ellsworth v. Hill,* 34 Ida. 359, 200 Pac. 1067; *Keller v. McCarty,* 38 Ida. 18, 219 Pac. 1063; *Bergh v. Pennington,* 33 Ida. 726, 198 Pac. 158; *McCormick v. Brown,* 22 Ida. 52, 125 Pac. 197; *Shurtliff v. Extension Ditch Co.,* 14 Ida. 416, 94 Pac. 574; *Edwards v. Anderson,* 23 Ida. 508, 130 Pac. 1001; *Boise-Payette Lumber Co. v. McCarthy,* 31 Ida. 305, 170 Pac. 920; *Mallory v. Wauh,* 5 Kan. App. 879, 48 Pac. 147.)

A. H. Conner, Attorney General, and Herbert Wing, Assistant, for Respondent Public Utilities Commission, file no brief.

VARIAN, Commissioner.—This is an appeal from an order of the Public Utilities Commission authorizing respondent to abandon a portion of its railway system known as McDermitt stub and denying appellant's petition for rehearing therein.

Respondent Boise Valley Traction Company has moved to strike the transcript and dismiss the appeal, assigning

several grounds therefor.   It is first contended that a copy of the testimony taken in the cause before the Public Utilities Commission was not served, filed or made a part of the transcript on appeal.

What constitutes the record on appeal in such cases is prescribed by the provisions of sec. 2497, C. S., as amended by sec. 6, chap. 72 of the Laws of 1921 at page 142 et seq., which reads as follows:

"Section 2497.   Record on Appeal.   In case of an appeal from any order of the commission, the original exhibits, together with one copy of a transcript of the testimony, the pleadings, moving papers, record and proceedings in the cause, the findings of the commission, the order appealed from, the notice of appeal, and stipulation, if any, shall constitute the record on appeal.   Upon the payment of the fees therefor, such record, with the exception of the original exhibits, with one copy for service, shall be prepared and certified by the commission and delivered to the party appealing, who shall transmit the original to the clerk of the supreme court, with the fees for filing, within such time as is now or shall be designated by rule of the supreme court, and shall forthwith serve one copy upon the other party to the proceeding or his attorney, or if there be more than one party to the proceeding appearing separately in person or by attorney, then on one of said parties or his attorney, and shall serve a notice, designating the party or attorney upon whom he has made such service, upon such other parties or their attorneys as shall have been served with a copy of the notice of appeal.   Proof of such service shall be filed with the clerk of the supreme court.   The original exhibits, certified to be such by the commission, shall be deposited by the commission with the clerk of the supreme court at the time of the delivery of the record in the case to the appellant.   Provided, That the appellant and the commission may stipulate that a specified portion only of the transcript of the evidence shall be included in the record on appeal.   Any party to the proceeding, however, upon payment of the fees therefor, may procure a certified copy of

any portion of the transcript not covered by the stipulation, and a copy for service upon the appellant, and deposit the same with the clerk of the supreme court, in which event it shall be considered in all respects as having been certified by the commission as a part of the record on appeal.''

It will be noted that the original exhibits, *one copy of a transcript* of the testimony, the pleadings, moving papers, record and proceedings, findings of the commission, order appealed from, notice of appeal and *stipulation, if any,* constitute the record on appeal. Provided, that appellant and the commission may stipulate that a specified portion only of the transcript of the evidence shall be included in the record on appeal. No such stipulation appears in the record brought here. The plain provision of this statute is to the effect that a transcript of the testimony is a part of the record on appeal but, by stipulation with the commission, certain portions only of the testimony may be included. The transcript of record on appeal does not conform to the requirements of the statute. This record should contain a transcript of the testimony, or so much thereof as the appellant and commission may stipulate.

Another ground of the motion urged by the respondent Boise Valley Traction Company is that the transcript on appeal is not certified by the commission, as directed by the statute. The commission consists of three members appointed by the Governor. (C. S., sec. 2397.) The commission shall appoint a secretary whose duty it is to keep a record of the proceedings of the commission, issue all process, writs, warrants, and notices, and perform such other duties as the commission shall prescribe. (C. S., sec. 2401.) The secretary is not a member of the commission and his act in certifying to the record is not the act of the commission. The statute states that the record on appeal shall be certified by the commission. It is further contended that the certificate of the secretary is not sufficient in that it fails to state that the papers certified were all of the papers and proceedings had on the hearing before the commission. The

certificate is to the effect that it is a full, true and correct transcript under the provisions of sec. 7166, C. S., of certain papers and records, naming them, and being those enumerated in the *praecipe* filed herein. It is a certificate to the effect that it is the record called for by the *praecipe* and not the things which the statute says shall constitute the record on appeal. It shows on its face that it is not the record contemplated by the statute.

For the above reasons, the motion to strike the transcript should be granted. Since this leaves nothing before the court for consideration, the motion to dismiss the appeal should be sustained.

McCarthy, C. J., Budge and William A. Lee, JJ., concur.

Dunn and Wm. E. Lee, JJ., did not sit at the hearing nor participate in the decision.

PER CURIAM.—The foregoing opinion is hereby adopted as the opinion of the court, and it is ordered that the motion to strike the transcript be granted and that the appeal be dismissed with costs awarded to respondent.